IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | | Crim. No.: GJH-11-166 |
| | * | Civil No.:  GJH-16-1909 |
| **FREDDIE WIDENER,** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

On October 17, 2011, Freddie Widener ("Defendant" or "Petitioner") pled guilty to Counts Ten and Eleven of an Indictment, which charged him with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"), and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 71 and 72. Of note here, the plea agreement indicated that the Hobbs Act Robbery in Count Ten was an attempted robbery and not a completed offense. ECF No. 72 at 2. Further, the crime of violence serving as the predicate for Count Eleven was the attempted robbery in Count Ten. *Id*. Defendant was sentenced to a term of 113-months imprisonment as to Count Ten and 120-months imprisonment as to Count Eleven, to run consecutive to each other for a total of 233 months imprisonment. ECF No. 96 at 2.

On June 6, 2016, Defendant filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, arguing that as a result of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015), attempted robbery no longer qualified as a crime of violence for the purposes of Count Eleven. ECF No. 125. After multiple supplemental motions related to ongoing

appellate litigation on the issue, ECF Nos. 133 and 136, Defendant filed a Consent Motion to hold the Motion to Vacate in Abeyance pending resolution of *United States v. Taylor* in the Fourth Circuit, ECF No. 137.

In *Taylor*, the Fourth Circuit decided that attempted Hobbs Act Robbery did not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c). 979 F.3d 203, 208 (4th Cir. 2020). While the Government disagrees with the decision, and may seek certiorari to the Supreme Court, at present the Fourth Circuit's decision in *Taylor* is binding precedent and thus invalidates Widener's conviction on Count Eleven. *See, e.g.*, *United States v. Mims*, Crim No. JKB-14-0245, 2021 WL 1018135, at *1 (D. Md. March 17, 2021).

Accordingly, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Defendant's Motion to Vacate, ECF No. 125, is **GRANTED**;
2. Defendant's Motion to Supplement, ECF No. 136, is **GRANTED**;
3. Defendant's Motion to hold Motion in Abeyance, ECF No. 137, is **MOOT**;
4. The parties shall contact chambers to schedule resentencing on Count Ten in Criminal Case No. 11-0166; and
5. The Clerk **SHALL CLOSE** Civil Case No. 16-1909.

Date: April   7, 2021                                           /s/
                                                                GEORGE J. HAZEL
                                                                United States District Judge